IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON'T SHOOT PORTLAND, *et al.*,

                Plaintiffs,

       v.

CHAD F. WOLF, in his official capacity as purported Acting Secretary of Homeland Security, *et al.*,

                Defendants.

Case No. 20-cv-2040 (CRC)

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER TO FILE**
***AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Amicus curiae* Constitutional Accountability Center (CAC) respectfully moves for leave to file the attached brief in opposition to Defendants' motion to dismiss in the above-captioned case. Counsel for all parties have consented to the filing of this brief. In support of this motion, *amicus* states:

    1.    CAC is a think tank, public interest law firm, and action center dedicated to fulfilling the progressive promise of our Constitution's text and history. CAC has a strong interest in preserving the checks and balances set out in our nation's charter, as well as the proper interpretation of laws that help maintain that balance. Accordingly, CAC has participated as counsel and as *amicus curiae* in numerous cases involving the Constitution's Appointments Clause and the Federal Vacancies Reform Act of 1998 (FVRA).

    2.    This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (citing *United States v. Microsoft Corp.*, No. 98-1232, 2002 WL 319366, at *2

(D.D.C. Feb. 28, 2002)). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same). District courts routinely permit such briefs when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when the *amicus* has "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs.*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *Microsoft Corp.*, 2002 WL 319366, at *3 (same).

3.   The proposed, attached *amicus* brief satisfies these standards. It describes the history, structure, and purpose of the FVRA, and it discusses how the FVRA interacts with the Department of Homeland Security's organic statute and with the Administrative Procedure Act (APA). The brief also explains why Chad Wolf was not lawfully serving as the Acting Secretary of Homeland Security when he adopted the policy that Plaintiffs are challenging in this case. Finally, the brief explains why, under the FVRA, the illegality of Wolf's service as Acting Secretary means that this policy was void *ab initio* and may not be ratified by a properly serving Secretary or Acting Secretary. CAC has filed similar *amicus* briefs in numerous other district

court cases involving challenges to the tenure of Chad Wolf or Kevin McAleenan as the Acting Secretary of Homeland Security.

    For the foregoing reasons, *amicus curiae* requests leave to file the attached brief.

                              Respectfully submitted,

Dated:  November 5, 2020           <u>*Brianne J. Gorod*</u>
                                         Brianne J. Gorod

                                         Elizabeth B. Wydra (DC Bar No. 483298)
                                         Brianne J. Gorod (DC Bar No. 982075)
                                         Brian R. Frazelle (DC Bar No. 1014116)
                                         CONSTITUTIONAL ACCOUNTABILITY CENTER
                                         1200 18th Street NW, Suite 501
                                         Washington, D.C. 20036
                                         (202) 296-6889
                                         brianne@theusconstitution.org

                                         *Counsel for Amicus Curiae*