**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DON'T SHOOT PORTLAND et al.,<br>Plaintiffs,<br>v.<br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, et al.,<br>Defendants. | Case No. 1:20-cv-2040-CRC<br><br>**JOINT STATUS REPORT** |

**JOINT STATUS REPORT**

The Parties hereby jointly report that they have agreed to resolve this case without further litigation and that they will follow this status report with a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

The Parties represent to the Court in good faith as follows:

1. Plaintiffs are a diverse group of five women and a Black-led non-profit organization who gathered with others in peaceable and nonviolent protest beginning in May 2020 in Portland, Oregon, in support of systemic racial justice reform following the murder of George Floyd. The "daily protests" were "mainly nonviolent."[1] However, "there were nightly incidents involving civil disturbance, including violent protests, riots, vandalism, destruction, and direct attacks against officers around Federal facilities."[2] Defendants acknowledge that, during the summer of 2020, they deployed federal agents to Portland in response to these incidents. Plaintiffs state they did not participate in these nightly incidents, and Defendants do not assert to the contrary.

[1] *See* DHS OIG, *DHS Had Authority to Deploy Federal Law Enforcement Officers to Protect Federal Facilities in Portland, Oregon, but Should Ensure Better Planning and Execution in Future Cross-Component Activities* 3 (Apr. 16, 2021), *available at* https://www.oig.dhs.gov/sites/default/files/assets/2021-04/OIG-21-31-Mar21.pdf.

[2] *Id.* (footnotes omitted).

2. Plaintiffs' Amended Complaint alleges that in 2020, certain federal officials and agencies created an unlawful policy to intimidate, deter, and punish peaceful protesters from expressing certain views on racial justice.[3] That policy, according to the Amended Complaint, exceeded Defendants' statutory and constitutional authority, and violated the First, Fourth, and Fifth Amendments, and the Administrative Procedure Act. The Amended Complaint further alleges the policy was applied against Plaintiffs and other peaceful protesters in Portland in July 2020, causing them to suffer significant injury, damage, and destruction to their property through federal agents' excessive use of tear gas, rubber bullets, and other munitions.

3. Defendants confirm no such policy exists now. And although the Parties continue to disagree about the facts of what transpired in the summer of 2020, including whether the alleged policy ever existed, the Parties agree on the following:

    a. The Defendant federal agencies have express policies—in place last summer and now—that prohibit their officials from deterring or intimidating protesters on the basis of their viewpoint. *See* DHS, *Information Regarding First Amendment Protected Activities* (May 17, 2019)[4]; DHS Office of Intelligence and Analysis, *Intelligence Oversight Program and Guidelines* (Jan. 19, 2017).[5]

---

[3] *Compare, e.g.*, Donald J. Trump (@realDonaldTrump), Twitter (May 29, 2020, 12:53 a.m.), https://perma.cc/X6CV-K2TM (stating, with respect to the protests in Minneapolis following George Floyd's murder, "[a]ny difficulty and we will assume control but, when the looting starts, the shooting starts"), *with* Donald J. Trump (@realDonaldTrump), Twitter (May 1, 2020, 7:02 a.m.), https://perma.cc/DTW7-Y2R2 (stating, with regard to armed protesters at the Michigan state house who objected to COVID-19 quarantine measures, that they are "very good people" and that Michigan Governor Gretchen Whitmer should "give a little" in response to those protesters' objections).

[4] https://www.dhs.gov/sites/default/files/publications/info_regarding_first_amendment_ protected_activities_as1_signed_05.17.2019.pdf.

[5] https://www.dhs.gov/sites/default/files/publications/office-of-intelligence-and-analysis-intelligence-oversight-program-and-guidelines.pdf.

Accordingly, Defendants may not profile, target, or discriminate against any person for exercising First Amendment rights. Defendants reaffirm the constitutional principles underlying these policies—including the rights of protesters to speak and to peacefully assemble in support of systemic racial justice reform, and in solidarity with the movement for Black lives. Defendants also recognize that the First Amendment forbids the government to regulate protester speech in ways that favor some viewpoints or ideas at the expense of others.

b. Defendants, like all federal agencies and officials, may act only to the extent authorized by the U.S. Constitution and federal statutes. Accordingly, the Constitution's Property Clause and certain statutes passed thereunder, including 40 U.S.C. § 1315, together authorize certain federal agencies and officials to act off federal property only to the extent necessary to protect federal property and persons on federal property.[6] Such actions may "includ[e] duty in areas outside the property to the extent necessary," *id.* § 1315(b)(1), and "investigations, on and off the property in question, of offenses that may have been committed against property owned or occupied by the Federal Government or persons on the property," *id.* § 1315(b)(2)(E). These authorities do not supersede, but rather must be exercised consistent with, protesters' rights under the First, Fourth, and Fifth Amendments.

A stipulation of dismissal will follow this status report.

[6] Different limitations apply to federal law enforcement authorities rooted in constitutional and statutory provisions other than the Property Clause and § 1315. *See, e.g.*, 8 U.S.C. §§ 1226(a), 1357; 18 U.S.C §§ 3052, 3053; 19 U.S.C. § 1589a; 28 U.S.C. § 566. These separate authorities are not at issue in this case.

Dated: November 15, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Jason C. Lynch*
JASON C. LYNCH (D.C. Bar No. 1016319)
MICHAEL P. CLENDENEN
JORDAN L. VON BOKERN
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 11214
Washington, DC 20005
Tel: (202) 514-1359
Email: Jason.Lynch@usdoj.gov

*Attorneys for Defendants*

Deana K. El-Mallawany (MA Bar No. 674825)*
Justin G. Florence (D.C. Bar No. 988953)
Benjamin L. Berwick (D.D.C. Bar No. MA0004)
The Protect Democracy Project, Inc.
15 Main Street, Suite 312
Watertown, MA 02472
T: (202) 579-4582 | F: (929) 777-8428
deana.elmallawany@protectdemocracy.org
justin.florence@protectdemocracy.org
ben.berwick@protectdemocracy.org

Jessica A. Marsden (NC Bar No. 50855)*
The Protect Democracy Project, Inc.
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
T: (202) 579-4582 | F: (929) 777-8428
jess.marsden@protectdemocracy.org

Christine Kwon (CA Bar No. 319384)*
The Protect Democracy Project, Inc.

*/s/ Matthew D. Forbes*
David A. O'Neil (D.C. Bar No. 1030615)
Debevoise & Plimpton, LLP
801 Pennsylvania Ave., N.W.
Washington, D.C. 20004
T: (202) 383-8000
daoneil@debevoise.com

Matthew D. Forbes (NY Bar No. 5664354)*
Ashley V. Hahn (NY Bar No. 5673298)*
Debevoise & Plimpton, LLP
919 Third Avenue
New York, NY 10022
T: (212) 909-6000
mforbes@debevoise.com
avhahn@debevoise.com

555 W. 5th St.
Los Angeles, CA 90013
T: (202) 579-4582 | F: (929) 777-8428
christine.kwon@protectdemocracy.org

Rachel F. Homer (D.C. Bar No. 1045077)
The Protect Democracy Project, Inc.
2020 Pennsylvania Ave., NW, #163
Washington, DC 20006
T: (202) 579-4582 | F: (929) 777-8428
rachel.homer@protectdemocracy.org

*Attorneys for Plaintiffs*

*Admitted pro hac vice